UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JIASATAECHRISTENY JAINITY,

                Plaintiff,              MEMORANDUM AND ORDER
                                                   13-CV-0089 (ENV)

    -against-

KELLY SARWAY; EMILY LEWIS KITAY;
SARA LILLIAN HILTZIK; AMANDA KATZ;
AVINASH MARHARJ; MICHAEL NESS;
SHELLY BURGER; RONALD E. RICHTER;
JAMES M. ABRAMSON; DAVID MANDEL;
MOISHIE HELLMAN; MEL ZACHTER;
SHOSHANNA COHAN; MR. COHAN;
PERMANENCY HEARING OF FAMILY COURT;
NYS OFFICE OF CHILDREN AND FAMILY SERVICES;
FAMILY COURT,

                Defendants.

------------------------------------------------------------x

**VITALIANO, D.J.**

       Plaintiff Jiasataechristeny Jainity, brings this *pro se* action under 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, for the reasons discussed below, the complaint is dismissed in part with prejudice, and in part without prejudice and with leave to amend those claims not dismissed with prejudice.

## BACKGROUND

       Plaintiff brings this action in connection with Family Court proceedings involving her son. Although the complaint is far from clear, it appears that she has lost custody of her young son, that the child has been placed in foster care, and that the foster parents are seeking to adopt the child and to terminate Jainity's parental rights. Contending that she has been deprived of substantive due process as a result of these events, including adverse state court outcomes, Jainity seeks in this action custody of her son as well as $15 million in damages.

1

## STANDARD OF REVIEW

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, the court need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). On the other hand, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). All that is required is "a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*

It is axiomatic that *pro se* pleadings are held to less stringent standards than those drafted by attorneys, and the Court must read a *pro se* plaintiff's complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). However, in an *in forma pauperis* action, must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either "(1) the factual contentions are clearly baseless, such as when allegations

2

are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

## DISCUSSION

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* Here, Jainity alleges that, in losing custody of her son, she was unlawfully stripped of her rights as a parent. To be sure, the interest she seeks to vindicate is one protected by the Constitution. As the Supreme Court has held, "[t]he liberty interest . . . of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by this Court," and is protected by the Due Process Clause of the 14th Amendment. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). *See also, e.g., Kia P. v. McIntyre*, 235 F.3d 749, 757-61 (2d Cir. 2000) (a parent's liberty interest in maintaining custody of her child has both procedural and substantive aspects). The complaint thus satisfies the second *Pitchell* element.

As for the first *Pitchell* element, the question is more convoluted. To begin, plaintiff lists 17 different defendants against whom she has filed suit, but the complaint is not clear as to whether she claims these individuals or entities were state actors or, if not, were in some way acting under the color of state law. One of the 14 individual defendants, Avinash Maharj, appears to be an employee of New York City's Administration for Children's Services ("ACS").[1] Of the

---

[1] In various places throughout her complaint (although not in the caption), Jainity indicates that she also seeks to sue ACS itself in addition to the seventeen named defendants. However, as an

3

13 remaining individual defendants, the Court cannot discern from the complaint how their actions took place under the color of state law and, if so, what (if any) facts support plaintiffs' allegation that they deprived her of her constitutional rights.

Jainity also sues three institutional defendants: the New York State Office of Children and Family Services (OCFS), the Family Court of Kings County, and the Permanency Hearing Section of the Family Court. Each entity is an arm of the State of New York and hence immune from suit for damages in federal court under the 11th Amendment. *Jones v. New York State Division of Military and Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (holding that the 11th Amendment bars § 1983 suits against state agencies); *Hale v. Mann*, 219 F.3d 61, 67-69 (2d Cir. 2000) (granting 11th amendment immunity to the OCFS in the context of a Family Medical Leave Act suit); *Bey v. Brooklyn Family Court*, No. 11–CV–5209 (KAM), 2012 WL 1145933, at *2 (E.D.N.Y. 2012) (granting 11th Amendment immunity to the Kings County Family Court). The Family Court and Permanency Hearing Section of the Family Court also enjoy absolute judicial immunity from suit. *See Bernstein v. New York*, 591 F.Supp.2d 448, 462 (S.D.N.Y. 2008) (judicial immunity in the context of §1983 extends to all judicial officers, as well as "the institution of the court itself . . . and its supporting offices"). All claims against these entities are thus dismissed and may not be refiled in federal court.

In any event, even assuming the absence of these fundamental roadblocks, it appears as though the bulk of plaintiff's grievances fall within the purview of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v.*

---

agency of the City of New York, ACS is not subject to suit under § 1983. *See Graham v. City of New York*, 869 F.Supp.2d 337, 348 (E.D.N.Y. 2012) (citing N.Y. City. Charter, Ch. 17 § 396). Under circumstances not pleaded here, the City could be liable under § 1983 for constitutional violations committed by one of its agencies' employees. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

*Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman*, a federal district court lacks jurisdiction over a claim if the following conditions are met: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). The Second Circuit has previously applied this doctrine to federal lawsuits seeking review of Family Court decisions. *See, e.g., Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir. 2002) ("There is no question that *Rooker–Feldman* bars Phifer's challenges to the family court's decisions regarding custody, neglect, and visitation."); *Remy v. New York State Dept. of Taxation and Finance*, Case No. 11–1921, 2013 WL 28362, at *1 (2d Cir. Jan. 3, 2013) ("Remy's federal complaint seeks direct review of prior state court judgments. Thus, under *Rooker–Feldman*, this court does not have subject matter jurisdiction to disturb his state court judgments.").

It is apparent from the face of Jainity's pleading that the four *Rooker-Feldman* factors described in *McKithen* apply here. Plaintiff lost custody of her son pursuant to a Family Court order, which issued prior to the commencement of this suit;[2] she claims injury resulting from that order; and she effectively requests that this Court reverse the order. Accordingly, *Rooker-Feldman* applies, signaling the absence of subject-matter jurisdiction over issues already decided by the Family Court.[3]

---

[2] The Family Court, of course, retains jurisdiction over the matter, and Jainity appears to be involved in further proceedings there too. That is of no moment. The gravamen of the complaint now before this Court is the decision the Family Court has already made to deny plaintiff custody over her son.

[3] Jainity sprinkles throughout the complaint various allegations apparently made on behalf of her minor son. As a general rule, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). With no reason to department from that principle evident here,

A liberal reading of Jainity's complaint, however, suggests at least one claim that may not be barred by *Rooker-Feldman*. Jainity alleges that the foster care agency overseeing her son's case arbitrarily reduced or entirely cut off her visitation privileges; she also submitted a motion to the Family Court in February 2012 seeking reinstatement of visits. *See, e.g.*, Compl. at PDF pp. 17, 31-33. It is an issue that, on the face of the complaint, appears unresolved in state court. Consequently, *Rooker-Feldman* would not foreclose jurisdiction over any claim for damages in this case based on an unconstitutional deprivation of her visitation rights. *See Green v. Mattingly*, 585 F.3d 97, 102-03 (2d Cir. 2009) (because Family Court had overturned on a subsequent application a previous temporary order removing plaintiff's son from her custody, *Rooker-Feldman* did not bar her claim for damages in federal court).

Given the complaint's current rambling form, though, it is difficult to decipher whether plaintiff alleges injuries of this nature—that is, injuries that have not resulted from adverse Family Court rulings. To the extent that Jainity's complaint does bring such claims, an amended complaint must make such factual allegations separately and clearly against defendants who are not immune from suit in this Court.

## LEAVE TO AMEND

In light of Jainity's *pro se* status, the Court grants her 30 days' leave to amend her complaint. To avoid dismissal, the amended complaint must allege injuries that did not result from any adverse rulings by Family Court. Moreover, the amended complaint must be *brief* and *to-the-point*, must specify which defendants were responsible for the alleged injuries and how they were responsible, and must allow the Court to determine whether or not these defendants were acting under the color of state law. Plaintiff is reminded that any counts raised against a

---

the Court declines to construe the complaint as alleging any causes of action on behalf of Jainity's son.

judicial body, or any judicial officers even acting in their individual capacity, are improper and must not be repleaded.

## CONCLUSION

Accordingly, the complaint is dismissed with prejudice with respect to all claims against judicial officers in their official capacity, as well as all claims that seek to review Family Court custody rulings. All claims against ACS are also dismissed with prejudice. All other claims are dismissed without prejudice and with leave to replead them in this action to the extent that they do not name as defendant persons or entities otherwise immune to suit as detailed above.

Any amended complaint submitted pursuant to the grant of leave must be filed within 30 days that this Memorandum and Order is entered on the Court's docket. Plaintiff is advised that any amended complaint she files will completely replace the original complaint. Therefore, plaintiff should not reference statements or allegations made in her previous complaint to support claims in her amended complaint. The new submission must be captioned "Amended Complaint" and shall bear the same docket number as this Order. If plaintiff fails to timely file an amended complaint, the entire case will be dismissed and judgment entered against plaintiff.

SO ORDERED.

s/ ENV

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
February 26, 2013