UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
JIASATAECHRISTENY JAINITY,

        Plaintiff,

    -against-

KELLY SARWAY; OHEL AGENCY,

        Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-0089 (ENV)

VITALIANO, D.J.:

On January 4, 2013, plaintiff Jiasataechristeny Jainity brought this *pro se* action under 42U.S.C. § 1983. By Order dated February 26, 2013, the Court dismissed the complaint with prejudice with respect to all claims against ACS and against various judicial officers in their official capacity, as well as claims seeking review of Family Court custody rulings. All other claims were dismissed without prejudice and with leave to replead to the extent that the amended complaint did not name as defendant persons or entities otherwise immune to suit. The Court advised Plaintiff that any amended complaint would be dismissed insofar as it alleged injuries

resulting from adverse rulings by the Family Court.[1]

On April 5, 2013, plaintiff filed an amended complaint "Sueing [sic] on Grounds of Termination of Parental Rights." (Amend. Compl. at 1 (Dkt. No. 5)). Plaintiff states "I am harmed by the opposing party, because they have terminated my parental rights. My injury my child will be adopted soon and I am asking for a[n] injunction to stop this from happening." (*Id.* at 2). It could not be more clear that plaintiff's amended complaint seeks review, reversal, and vacatur of the adverse Family Court ruling depriving her of her parental rights. Although with sharpened and more limited focus, these claims are nonetheless identical in substance to those dismissed in the Court's February 26, 2013 Order. As the Court explained there, it lacks jurisdiction to entertain the claims plaintiff advances; the *Rooker-Feldman* doctrine bars them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). If any review of the Family Court order is available to plaintiff, it is within the state court system; she asserts no claims in her amended complaint that are subject to federal jurisdiction. Accordingly, it is

ORDERED, ADJUDGED AND DECREED: that the action is hereby dismissed for the reasons stated above and in this Court's February 26, 2013 Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

---

[1] The facts of that case are described more fully in the Court's February 26, 2013 Order, and familiarity with them is presumed.

Order and Judgment would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and maintain the case on the closed docket.

SO ORDERED.

_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
April 17, 2013